FILED
United States Court of Appeals
Tenth Circuit

April 7, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JOEL SERRANO-SANTOS,

Defendant-Appellant.

No. 10-4021
(D.C. No. 2:09-CR-00786-CW-1)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **BRISCOE**, and **HARTZ**, Circuit Judges.

---

Defendant Joel Angel Serrano-Santos entered a guilty plea to one count of being an alien who has re-entered the United States illegally after having been deported. His plea agreement included a waiver of his right to appeal his sentence. The district court determined that the applicable sentencing guideline range was 46 to 57 months and sentenced defendant to 46 months, at the low end of the range. Despite his appeal waiver, defendant has now filed an appeal

---

[*]    This panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

seeking to challenge his sentence. The government has moved to enforce the appeal waiver in defendant's plea agreement pursuant to our decision in *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam). We grant the motion and dismiss the appeal.

In determining whether an appeal should be dismissed based on an appeal waiver, we consider "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id*. at 1325. Defendant "does not dispute that his appeal was knowingly and voluntarily entered"; he concedes that his "appeal appears to fall within the terms of the appeal waiver agreed to as part of [his] plea agreement"; and, he admits that "the record in this case does not disclose any reasonable basis for finding that enforcement of the plea waiver would result in a miscarriage of justice." Resp. to Mot. to Enforce at 1 (quotation omitted).

Accordingly, defendant has not established any of the applicable exceptions to the enforcement of his appeal waiver. We therefore GRANT the government's motion to enforce the appeal waiver contained in defendant's plea agreement and DISMISS the appeal.

ENTERED FOR THE COURT
PER CURIAM

-2-